Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000342
28-JUN-2018
08:08 AM

NO. CAAP-18-0000342

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
FRED E. HOFER, Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 3DTI-17-033614)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Ginoza, Chief Judge, Leonard and Reifurth, JJ.)

Upon review of the record, it appears that we lack appellate jurisdiction under Hawaii Revised Statutes (HRS) § 641-1(a) (2016).

Defendant-Appellant Fred Hofer (**Hofer**) filed a document on April 17, 2018, entitled Notice of Appeal, which we interpret to state an appeal from the Honorable Harry P. Freitas's April 10, 2018 Order and Notice of Entry of Order (**April 10, 2018 Order**) that addressed five traffic violations, each of which is punishable by only a fine, and, thus, constitutes a "'[t]raffic infraction' . . . for which the prescribed penalties do not include imprisonment[.]" HRS § 291D-2 (2007). Specifically, the April 10, 2018 order denied Hofer's request for a hearing on his alleged violations that day, and set hearing on the matter for May 17, 2018. On May 17, 2018, Hofer appeared, but the matter was continued to June 21, 2018 "for Status of Appeal."

"No traffic infraction shall be classified as a criminal offense." HRS § 291D-3(a) (2007). Under HRS Chapter 291D, a district court adjudicates a contested traffic citation pursuant to HRS § 291D-8 (2007) without holding a standard trial, but, if the district court adjudicates the citation in favor of the State, then "[t]he defendant may request a trial pursuant to the Hawaii rules of evidence and rules of the district court[.]" HRS § 291D-13(a) (2007). After the district court enters the resulting judgment on the trial pursuant to HRS § 291D-13, Rule 19(d) of the Hawai'i Civil Traffic Rules provides that "[a]ppeals from judgments entered after a trial may be taken in the manner provided for appeals from district court civil judgments." HRS § 641-1(a) authorizes appeals from district court civil judgments:

> Pursuant to HRS § 641-1(a) (1993), appeals are allowed in civil matters from all final judgments, orders, or decrees of circuit and district courts. In district court cases, a judgment includes any order from which an appeal lies. A final order means an order ending the proceeding, leaving nothing further to be accomplished. When a written judgment, order, or decree ends the litigation by fully deciding all rights and liabilities of all parties, leaving nothing further to be adjudicated, the judgment, order, or decree is final and appealable.

Casumpang v. ILWU, Local 142, 91 Hawai'i 425, 426, 984 P.2d 1251, 1252 (1999) (citations, internal quotation marks, and footnote omitted).

The district court has not yet held the trial pursuant to HRS § 291D-13, much less entered a final judgment, in the underlying case. Therefore, the April 10, 2018 Order is an interlocutory order that is not eligible for appellate review until entry of the appealable final judgment. See State v. Adam, 97 Hawai'i 475, 482, 40 P.3d 877, 884 (2002) ("As a general rule, an appeal from a final judgment in a case brings up for review all preceding interlocutory orders in the case." (Citations

omitted)).  Hofer's appeal is premature, and we lack jurisdiction to review the April 10, 2018 Order.[1]

THEREFORE, IT IS HEREBY ORDERED that the appeal is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawaiʻi,  June 28, 2018.

Chief Judge

Associate Judge

Associate Judge

---

[1] "Generally, the filing of a notice of appeal divests the trial court of jurisdiction over the appealed case." TSA International Limited v. Shimizu Corporation, 92 Hawaiʻi 243, 265, 990 P.2d 713, 735 (1999) (citations omitted).  "The general rule, however, assumes that the notice of appeal is valid under the applicable statutory provisions and procedural rules. Where the notice of appeal is jurisdictionally defective, filing the notice does not transfer jurisdiction from the trial court to the appellate court." Ontiveros, 82 Hawaiʻi at 449, 923 P.2d at 391 (citations omitted; emphasis added).  Hence, the district court did not lose jurisdiction due to Hofer's defective notice of appeal.